UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CHAVEZ and LYNDA DREISBACH, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WIS HOLDINGS CORP., *et al.,*<br><br>Defendants. | Civil No. 07-CV-1932-L(NLS)<br><br>**ORDER REQUIRING CERTIFICATES OF SERVICE FOR NOTICES OF FILING CONSENTS** |

Plaintiffs in the above-captioned collective action[1] case have filed several notices of filing of consents to become party plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiffs filed the instant action as a collective action under the FLSA, which authorizes an employee to bring an action on behalf of himself or other employees similarly situated if an employer has failed to pay overtime compensation. 29 U.S.C. § 216(b); *McElmurry v. U.S.*

---

[1] A "collective action" differs from a class action insofar as each plaintiff must opt into the suit by giving his consent in writing. *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 2007 WL 2263880, * 1 (9th Cir. 2007). Thus, unlike a class action where an individual becomes a member of the class, and thereby bound by any judgment in the matter, unless he expressly opts-out, only those plaintiffs who expressly join the collective action are bound by its results. *Id.*; *see Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 906 n. 9 (9th Cir. 2004) (if employees do not opt-in by filing consent to the collective action, they are not bound by the outcome of such action and may bring a subsequent private action).

*Bank Nat. Ass'n*, 495 F.3d 1136, 2007 WL 2263880, *1 (9th Cir. 2007).  When a "collective action" is filed under § 216(b) all plaintiffs, including named plaintiffs, are required to file a consent to suit form with the court in which the action is brought.  *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (6th Cir. 2004); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp.2d 1129, 1133 (D. Nev. 1999).  A "collective action" is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed with the Court.  *Harkins*, 385 F.3d at 1101; *Bonilla*, 61 F. Supp.2d at 1133 (citing cases).

Although plaintiffs have properly filed several notices each containing multiple consents to become a party plaintiff, plaintiffs have not served defendants with any of the notices containing the consents.[2]

Accordingly, **IT IS ORDERED** that plaintiffs shall provide a certificate of service for each Notice of consent to suit form that has been filed in this case.  **IT IS FURTHER ORDERED** that failure to file a certificate of service with respect to each of the previously filed Notices within five (5) days of the filing of this Order shall result in the Notice(s) being stricken from the Court's record.

**IT IS SO ORDERED.**

DATED:  December 6, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2] The Court notes that plaintiffs' Notices of consent filed on October 19 [doc. #5; October 22 [doc. #6]; October 24 [doc. #7]; October 29 [doc. #]; November 2 [doc. #11]; and November 6, 2007 [doc. #12], were filed prior to the filing of defendants' motion to strike or dismiss class allegations [doc. #13].  After the filing of the motion to strike or dismiss, plaintiffs filed two additional Notices of consents.  (*See* docket nos. 14, 15).  The docket reflects that counsel for plaintiff was emailed and instructed to file a certificate of service with respect to the November 20, 2007 Notice.  To date, plaintiffs have not provided a certificate of service for any of the Notices.