UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CHAVEZ and LYNDA DREISBACH, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WIS HOLDING CORP and WASHINGTON INVENTORY SERVICE, dba WIS INTERNATIONAL,<br><br>Defendants. | Civil No. 07cv1932 L(NLS)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF RULE 23 SETTLEMENT; FOR CERTIFICATION OF CLASS, AND FOR PERMISSION TO DISSEMINATE AMENDED NOTICE TO CLASS.** |

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Rule 23 Settlement, for Certification of Class, and for Permission to Disseminate Notice to Class (Doc. No. 152). For the reasons set forth in the motion and memorandum, and upon the good cause shown, it is hereby **ORDERED** that:

1.  Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class, and for Permission to Disseminate Class Notice is **GRANTED**, and the terms of the Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit A to the motion (Doc. No. 152), as clarified by the Parties' Joint Stipulation Regarding Settlement (Doc. No. 171), are preliminarily approved.

2.  Solely for purposes of settlement, a California Class is hereby certified pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure, defined as follows:

> Current and former Inventory Associated employed by Defendants in the State of California from October 7, 2003 to November 13, 2008.

Specifically excluded from the California Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses, (b) all persons who elect to exclude themselves from the Settlement Class; and, (c) any person who opted into this case who claims they were not properly paid overtime under the FLSA and who did not work in the State of California.

3. The Court provisionally, and only for the purposes of this settlement, finds that:

(a) the Class Members consist of 16,300 individuals employed by Defendant throughout the State of California, and the requirement of numerosity is satisfied;

(b) the litigation and proposed settlement raise questions of law and fact common to the California Class, and these common questions predominate over any questions affecting only individual Class Members;

(c) the claims of Eduardo Chavez and Tomas Soliz, Inventory Associates employed by Defendants (the "Class Representatives") are typical of the claims of the Class;

(d) in assisting with the litigation and negotiating and entering into the proposed settlement, the Class Representative and their counsel have fairly and adequately protected the interests of the Class, and will adequately represent the Class in connection with the proposed settlement; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. Pursuant to Rule 23(g), the Court appoints the Class Representatives' counsel of record Stueve Siegel Hanson LLP and Lear Werts LLP to act on behalf of the Class in connection with the proposed settlement.

5. If the proposed settlement is not finally approved by the Court or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this conditional class certification shall be vacated without further order of the Court

and without prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the Effective Date of the Settlement, this class certification shall become unconditional.

6. A Final Fairness Hearing (the "Fairness Hearing") shall be held before this Court on **Monday, April 26, 2010**, at **10:30 a.m.** at the United States District Court for the Southern District of California, 940 Front Street, Courtroom 14, to determine whether the proposed settlement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment should be entered herein; and to determine whether the fees and expenses requested by Class Counsel and the Class Representatives' requested incentive awards should be approved. The Court may adjourn the Settlement Hearing without further notice to Class Members.

7. The parties have agreed that the Class be given notice of the proposed settlement by dissemination of a Class Notice, substantially in the form of Exhibit B to the Parties' Joint Stipulation Regarding Settlement. Pursuant to Rule 23(c)(2)(B), the Court approves the form and content of the Notice and finds that the Notice as proposed by the parties meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Class. The Court directs the Settlement Administrator to disseminate the Class Notice in accordance with the terms of the Settlement Agreement.

8. All persons who fall within the Class definition and who do not timely and validly exclude themselves from the Class shall be bound by all determinations and judgments in the litigation concerning the settlement. Class Members who wish to fully participate in this Settlement must return the Claims Form in accordance with the instructions set forth in the Notice, including mailing or delivering the Claims Form such that it is postmarked on or before 60 days of the date the Notice is mailed.

9. Persons who wish to exclude themselves from the Class shall request exclusion using the Request to be Excluded Form within the time and in the manner set forth in the Notice, including mailing or delivering the Request to be Excluded Form, such that it is received on or

before 45 days from the date the Notice is mailed, to the Settlement Administrator at the addresses set forth in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time and in the manner set forth in the Notice.

10. Any Class Member may enter an appearance in the litigation, at the Class Member's own expense, individually or through counsel of the Class Member's choice. Any Class Member who does not enter an appearance will be represented by Class Counsel. Pending final determination of whether the settlement should be approved, neither the Class Representatives nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

11. Any Member of the Class may appear and show cause why the proposed settlement should or should not be approved as fair, reasonable, and adequate; or why a judgment should or should not be entered thereon; or why the requested attorneys' fees and expenses should or should not be awarded to Class Counsel; provided, however, that no Class Member or any other person shall be heard on or entitled to contest the Court's decision on any of the foregoing matters unless that person – no later then 45 days from the date the Notice is mailed – has (a) filed written objections and any supporting papers and briefs with the Clerk of the United States District Court for the Southern District of California; and (b) mailed or delivered copies of such objections, papers, and briefs to the parties' counsel.

12. Unless otherwise ordered by the Court, any Class Member who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement or to any award of attorneys' fees and expenses to Plaintiffs' Counsel.

13. The Settlement Fund shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Fund shall be distributed pursuant to the Settlement Agreement or further order of the Court.

14.     The application by Class Counsel for approval of attorneys' fees and reimbursement of expenses, and the application for Class Representatives' service awards, shall be filed and served no later than April 5, 2010, *i.e.,* 21 days prior to the Fairness Hearing.  The parties may file final papers in support of the settlement and may respond to any objection to the settlement or the application for attorneys' fees and reimbursement of expenses, provided that such response is filed and served no later than April 19, 2010, *i.e.,* 7 days prior to the Fairness Hearing.

15.     The application for attorneys' fees or reimbursement of expenses, and the application for Class Representatives' service awards, will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

16.     At the Settlement Hearing, the Court shall determine whether to grant the application for attorneys' fees or reimbursement of expenses and the application for Class Representatives' service awards.

17.     The costs of administering the settlement and providing notice shall be borne and paid as set forth in the Settlement Agreement.

18.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the litigation, or of any liability, fault, or wrongdoing of any kind, all of which Defendants expressly deny.

19.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

/ / /

/ / /

/ / /

/ / /

20. If the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties.

**IT IS SO ORDERED.**

DATED: January 4, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL