UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CHAVEZ and LYNDA DREISBACH, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WIS HOLDING CORP, *et al.*,<br><br>Defendants. | Civil No. 07cv1932 L(NLS)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEY'S FEES AND SERVICE AWARDS [doc. #182]** |

On June 7, 2010, the Court held a hearing to consider Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Service Awards. (Doc. 182). After review of the Motion (Doc. 182), the Memorandum in Support of the Motion (Doc. 182), and the Supplemental Brief in Support of the Motion (Doc. 186), and the argument at the hearing, the Court hereby **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Service Awards and **GRANTS** final approval of this class action settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

1.  On May 18, 2009, Plaintiffs and Defendants WIS Holdings Corp. and WIS International ("WIS") entered into a Settlement Agreement and Release, which was amended on December 17, 2009 by Joint Stipulation Regarding Settlement (collectively "Settlement

Agreement"). The Settlement Agreement sets forth the terms and conditions for a proposed class action settlement and dismissal with prejudice of the claims of all California Class Members.

2. The Court preliminarily approved this Settlement Agreement on January 4, 2010. (Doc. 172).

3. The Preliminary Approval Order (Doc. 172) and several orders amending or clarifying that Order (Docs. 177, 174 & 178) outlined the form and manner by which Plaintiffs were to provide the California Class with notice of the settlement, the fairness hearing and related matters. The notice program included individual notice to California Class Members who could be identified through reasonable efforts.

4. The third-party administrator selected by Counsel and approved by the Court to administer the notice and claims process ("Garden City Group Inc.") verified that the mailing conformed to the preliminary approval order. (Doc. 182). The Court finds that the notice program fully complied with Rule 23 of the Federal Rule of Civil Procedure and the requirements of due process, providing to the California Class the best notice practicable under the circumstances.

5. The Court hereby grants final approval of the settlement on the basis that the settlement is fair, reasonable, and adequate to the settlement class. *See* FED. R. CIV. P. 23(e).

6. The Court is satisfied that the settlement was fairly and honestly negotiated as it was the result of vigorous arms-length negotiations which were undertaken in good faith by experienced counsel, and that serious questions of law and fact exists such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. Further, the Court concludes that this settlement is the result of a *bona fide* dispute and reached as part of contested litigation over coverage under the Fair Labor Standards Act and, therefore, approves the release of claims as set forth in the Settlement Agreement.

7. The Court gives weight to the parties' judgment that the settlement is fair and reasonable. *See In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

8. Moreover, the Court gives weight to the California Class' reaction to the

settlement. Despite a California Class that numbered 16,650 individuals, no individual objected to this settlement. A significant number of individuals have participated in the claims process. The opt-out rate is low. These facts all indicate a positive reaction to the settlement. *See McPhail v. First Command Financial Planning, Inc.*, No. 05-179, 2009 WL 839841 at *6 (S. D. Cal. March 30, 2009) ("The presence of a small minority of objectors strongly supports a finding that the settlement is fair, reasonable, and adequate."); *Brailsford v. Jackson Hewitt Inc.*, No. 06-00700, 2007 WL 1302978, at *4 (N.D. Cal. May 3, 2007) (a "low level of opt-outs is an indication of the Class Members' acceptance of the settlement as fair and adequate.")

9. In light of these facts, the Court finds that the settlement is fair, reasonable, and adequate and should be approved by the Court. The Court hereby approves the Settlement and certifies a Class of individuals under Rule 23(b)(3) which includes: "Current and former Inventory Associated employed by Defendants in the State of California from October 7, 2003 to November 13, 2008." Excluded from the California Class are (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses, (b) all persons who elect to exclude themselves from the Settlement Class; and, (c) any person who opted into this case who claims they were not properly paid overtime under the FLSA and who did not work in the State of California.

10. The persons identified on Exhibit 1 requested exclusion from the California Class and are therefore excluded from this Settlement. These persons identified on Exhibit 1 are not included in or bound by this Order and may individually pursue claims (if any) against Defendants. Those persons are not entitled to any recovery from the settlement proceeds obtained through this settlement.

11. A small number of California Class Members submitted a timely and otherwise valid claim and a timely and otherwise valid request to be excluded. Obviously, the Court must disregard one or the other submission. The settlement administrator has attempted to remediate the issue by sending a letter to each of the affected individuals asking them to clarify their intent. Many responded, but sixty-six individuals did not. The Parties propose that these sixty-six individuals be treated as participating and claiming members of the California Class because

among other reasons the claim form was submitted under penalty of perjury and the request to be excluded was not. The Court agrees with this approach and deems these individuals California Class Members, entitled to any benefits accruing to them under the terms of the Settlement Agreement, and bound by this Order and the release of claims.

12. Defendants are hereby ordered to pay the settlement awards to the California Class Members in accordance with the terms of the Settlement Agreement.

13. The application by Class Counsel for attorneys' fees and reimbursement of expenses in the amount of $3,710,500, which is $2,000 less than 25% of the gross California Class Settlement Fund is approved as reasonable. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("25 percent of the fund [is] the 'benchmark' award that should be given in common fund cases."). The Court has further considered all relevant factors that might suggest a departure from the amount requested. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050 (9th Cir. 2002) (factors to consider include (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.) The Court finds that a departure is not warranted in this instance.

14. Further, the application by Class Counsel for service awards in the amount of $7,500 for each of the Class Representatives is approved. The Court has considered the relevant factors articulated by the Ninth Circuit and finds that these amounts are commensurate with the time and effort expended by the Class Representatives and the actions they have taken in furtherance of the interests of the California Class. These amounts are further reflective of the significant benefits the Class Representatives have achieved on behalf of the California Class. *See Staton v. Boeing,* 327 F.3d 938, 976 (9th Cir. 2003) (citing and quoting factors from *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

15. The costs of administering the settlement and providing notice shall be borne and paid as set forth in the Settlement Agreement.

16. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or

concession by Defendants of the truth of any of the allegations in the litigation, or of any liability, fault, or wrongdoing of any kind, all of which Defendants expressly deny.

17. The claims of the California Class Members are hereby dismissed with prejudice.

18. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over this Proceeding to consider all further matters arising out of or in connection with: (a) the enforcement of this Order; (b) the enforcement of the Settlement Agreement; and (c) the distribution of the Settlement Fund or the payment of attorneys' fees, costs, expenses or service awards. *See Kokkohnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement; otherwise, a district court does not have continuing jurisdiction over such agreements).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

DATED: June 7, 2010

M. James Lorenz
United States District Court Judge

COPY TO:
HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL