1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| EDUARDO CHAVEZ, individually and on behalf of a class of others similarly situated, | Civil No. 07-CV-1932 L (NLS) |
| Plaintiff, | **ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND GRANTING DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| WIS HOLDINGS CORP., et al., | |
| Defendants. | (Dkt. No. 264.) |

        Currently pending before this Court is the parties' joint motion for determination of a discovery dispute.  (Dkt. No. 264.)   This is a Fair Labor Standards Act ("FLSA") collective action, and there are at least 3,600 opt-in plaintiffs.  (Dkt. No. 264 at 13.)  In mapping out a joint discovery plan, the parties agreed to limit discovery to thirty representative opt-in plaintiffs.  (Dkt. No. 264-1 ¶ 2.)  Defendants have noticed the depositions of twenty-seven of the opt-in plaintiffs.  (Dkt. No. 264-2 ¶ 3.)  Five of these plaintiffs have not been in contact with their counsel, despite counsel's efforts, and have not appeared at a deposition.  (Dkt. Nos. 264; 264-2 ¶ 6.)  Defendants seek to compel the depositions of these five plaintiffs, and if they do not appear, defendants seek their dismissal from this action.  (Dkt. No. 264 at 12.)

        The FLSA allows an employee to bring a collective action against an employer on behalf of themselves and other similarly situated employees.  28 U.S.C. § 216(b).  Unlike

a class action under Fed. R. Civ. P. 23, a plaintiff that wishes to be included in a collective action must opt-in by filing written consent with the court.   § 216(b).  Further, the FLSA does not define the term "similarly situated," leaving the court to determine whether a collective action is appropriate.  *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007); *see also Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 481 (E.D. Cal. 2006).

A majority of district courts have adopted a two-step certification process for collective actions.  *Adams*, 242 F.R.D. at 536.  First, the court considers whether the proposed class should be given notice of the action, and in most cases, conditionally certifies the class upon a minimal showing that the members of the proposed class are similarly situated.  *See e.g.*, *Abubakar v. City of Solano*, No. CIV S-06-2268 LKK EFB, 2008 WL 508911, at *2 (E.D. Cal. Feb. 22, 2008).  Once discovery is complete, the party opposing certification may then move to decertify the class.  *Id.*

While defendants are entitled to information about opt-in plaintiffs to determine if the proposed class is similarly situated, *see e.g.*, *Oropeza v. AppleIllinois, LLC*, No. 06 C 7097, 2010 WL 3034247, at *4 (N.D. Ill. Aug. 3, 2010); *Ingersoll v. Royal & Sunalliance, USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *2 (W.D. Wa. Jul. 25, 2006), there is a difference of opinion about the scope and extent of discovery allowed in FLSA collective actions.  *See e.g.*, *Orpeza*, 2010 WL 3034247, at *4.  Some courts treat opt-in plaintiffs as ordinary party plaintiffs, subject to the full range of discovery.  *See e.g.*, *Ingersoll*, 2006 WL 2091097 (authorizing discovery of 34 opt-in plaintiffs); *Coldiron v. Pizza Hut, Inc.*, No. CV03-05865TJHMCX, 2004 WL 2601180 (C.D. Ca. Oct. 25, 2004) (authorizing discovery of 306 opt-in plaintiffs); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery of 162 opt-in plaintiffs).

In contrast, other courts have held the same standard governing discovery in Rule 23 class actions should be applied to conditionally certified FLSA actions, and discovery should be limited to class-wide and class based discovery.  *See* e.g., *Adkins v. Mid-*

*American Growers, Inc.*, 143 F.R.D. 171 (N.D. Ill. 1992).  Still others have limited individualized discovery to a certain number or percentage of the opt-in plaintiffs, recognizing the costs and impracticality of conducting discovery person-by-person.  *See e.g.*, *Cranney v. Carriage Services, Inc.*, No. 2:07-cv-1587-RLH-PAL, 2008 WL 2457912 (D. Nev. Jun. 16, 2008) (limiting discovery to 10 percent of opt-in plaintiffs); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354 (S.D. Ohio 2006) (limiting discovery to a statistically significant representative sampling of opt-in plaintiffs).

The parties in this case have agreed to conduct representative discovery, and have agreed that defendants are to select the individuals they wish to depose.  This Court is of the opinion that a party who has chosen to opt-in to a collective action has an obligation to participate in the litigation, if necessary.  Such a plaintiff has "freely chosen to participate," and there is no indication that these plaintiffs do not have "relevant information with respect to the claims and defenses in this action."  *Krueger*, 163 F.R.D. at 449.  Plaintiffs' argument that defendants must demonstrate that these five plaintiffs are unique in some way is unavailing.  They have agreed to allow defendants to select thirty deponents, and defendants have made their selections.  It is now incumbent upon plaintiffs to produce the desired witnesses.

The Court limits this ruling to the circumstances of this case and does not reach the larger question of whether, absent the agreement between the parties to limit discovery, defendants would be entitled to depose all 3,600 plaintiffs in this action.  Such a question involves other considerations that need not be addressed at this time.

**ACCORDINGLY**, it is hereby **ORDERED**:

1.    Defendants' motion to compel the depositions of Randall Catlett, Michelle Ellis, Daniel Naused, Aquita Sisson, and Christopher Underwood, is **GRANTED.**  Defendant shall re-notice these depositions following the guidelines set out in the Federal Rules of Civil Procedure.

2.    If any of these witnesses fail to appear at their deposition, defendants may file a motion in front of the District Judge for their dismissal from this

action.

3.     The parties are to proceed with the remainder of the noticed depositions.  If the five aforementioned plaintiffs do not appear for their depositions and it is apparent that five more depositions are required, defendants may select five additional plaintiffs to depose.  This Court may consider a motion to extend the fact discovery deadline if necessary; however, defendants will be required to demonstrate good cause for the additional depositions and for an extension of time.

**IT IS SO ORDERED.**

DATED:  May 17, 2013

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

4

07-CV-1932 L (NLS)