UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CHAVEZ and LYNDA DREISBACH, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WIS HOLDING CORP, *et al.,*<br><br>Defendants. | Civil No. 07cv1932 L(NLS)<br><br>**ORDER DENYING MOTION TO AMEND FIRST AMENDED COMPLAINT [doc. #257]** |

**1. Background**

This wage and hour case, filed on October 3, 2007, was brought under the Fair Labor Standards Act ("FLSA") as a collective action, section 16(b) of the FLSA, 29 U.S.C. § 201, *et seq.*, and as a Federal Rule of Civil Procedure 23 class action for alleged violations of California state law, including California Business and Professions Code § 17200. Specifically, plaintiffs alleged claims for unpaid wages, meal and rest breaks and inaccurate wage statements under the California Labor Code.

Plaintiffs filed a First Amended Complaint on May 14, 2009. [doc. #151] Shortly thereafter, plaintiffs filed an unopposed motion for certification of a settlement class, for preliminary approval of class action settlement agreement, and for approval of the notice to the class. [doc. #152] The Settlement Agreement, which the Court approved, concerned only the

California state law claims and not the FLSA claim. The case was then closed.

On July 5, 2011, the parties agreed to reopen the case as to the single FLSA claim asserted in the FAC, the operative complaint. After the reopening of the case, the Court allowed notice of the collective action and plaintiffs provided notice to eligible employees concerning the action. The opt-in period closed in October 2011. Over 4,000 current and former inventory associates filed Consents to Join the litigation. [doc. #200] The parties attempted to mediate the FLSA claim but were unsuccessful. Defendants filed their Answer to the FAC on August 31, 2012 [doc. #249]

Plaintiffs now seek to file a Second Amended Complaint ("SAC") that would add state law claims which would permit plaintiffs to recover their unpaid hours that were worked each week prior to reaching the FLSA's 40-hour threshold for overtime hours. As plaintiffs point out, the FLSA provides remuneration for unpaid overtime hours only. State law claims cover non-overtime hours that defendants are alleged to have not paid plaintiffs.

**2.    Legal Standard**

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(This policy is "to be applied with extreme liberality."); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pacific Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). These factors are not equally weighted: "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). When a court has already granted a plaintiff leave to amend, its discretion is deciding subsequent motions to amend is "particularly broad." *Chodos*, 292 F.3d at 1003 (citation omitted).

/ / /

### 3. Discussion

In seeking to amend their FAC, plaintiffs want to add 36 new state law claims under the laws of 40 jurisdictions to the FLSA claim. Plaintiffs contend that because the state law claims arise from the same central fact question as the FLSA claim, there can be no prejudice to defendant. Opposing the proposed amendment of the FAC, defendant argues that plaintiffs have unduly delayed seeking the addition of state law claims and defendant would be prejudiced with this late-stage and broad expansion of the litigation.

First, defendant contends that plaintiffs knew of the proposed 36 "new" claims since at least the fall of 2011, but only now seek to amend the complaint. And plaintiffs fail to offer any justification for not adding these claims earlier. The Court concurs that plaintiffs have not shown any basis for their dilatory conduct in seeking leave to add a large number of state law claims at this point in the litigation. The facts of the claims plaintiffs seek to add were available to plaintiffs well before the filing of the motion to amend.

Second, the parties agreed to re-open the collective action portion of the case, the FLSA claim, approximately one year after the California claims were settled. It is clear from that stipulation that defendant did not consent to the nationwide expansion of the scope of the litigation. The parties agreed to reopen the case solely to litigate plaintiffs' FLSA claims for those employees who worked for WIS outside of California and to substitute in a new class representative, Joseph Berte, an individual who worked for WIS in Florida. The case was re-opened only as to the allegations under the FLSA. Again, the Court finds no significant justification offered for plaintiffs' attempted to circumvent the parties' stipulation at this point.

Third, and most significantly, addition of a multitude of state law claims would prejudice defendants. As plaintiffs correctly acknowledge: "Undue prejudice may be present where the amendments alter the nature of the case, requiring a party to significantly alter its trial strategy, engage in new research and write new trial briefs." (Reply at 2. (Citation omitted))

Here, plaintiffs' proposed new claims expand the scope of the case well beyond that anticipated by defendant, particularly at this very late date. Further, the proposed claims necessarily require new and further discovery based on different legal theories, which is

inherently unduly prejudicial. *See e.g., AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946. 953 (9th Cir. 2006)

    Defendant contends plaintiffs' proposed amendment is made in bad faith. Plaintiffs understood the stipulation to reopen the case as a collective action under the FSLA. After a significant amount of time had passed – including time during which a settlement negotiation on the FSLA claim failed and the "new" claims were known to plaintiffs– did plaintiffs seek to amend their complaint again. Although the timing of plaintiffs' motion is somewhat suspect, the Court declines to find bad faith.

    In considering the factors discussed above, the Court finds and concludes that the undue delay in seeking to add 36 additional state law claims would be prejudicial to defendants; judicial economy would not be served because of the significant expansion of the case; the additional costs involved in discovery and this litigation in general would be substantial; and the proposed amendment does not address the fact that the parties stipulated to reopening the FLSA claim only. In sum, the prejudice to defendant based on the undue delay caused by plaintiffs is too great to permit the proposed amendment.

    Based on the foregoing, plaintiffs' motion to file a second amended complaint is **DENIED.**

    **IT IS SO ORDERED.**

DATED: August 21, 2013

                              M. James Lorenz
                              United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL